### FT. WORTH & D. C. RY. CO. v. WELLS.
(No. 8475.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 16, 1916. Rehearing Denied Jan. 27, 1917.)

1. APPEAL AND ERROR ⟾569(2) — RECORD — STATEMENT OF FACTS.

An unsigned document, purporting to be the statement of facts, included among the papers in the case, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2531, 2532, 2543; Dec. Dig. ⟾569(2).]

2. CARRIERS ⟾20(3) — UNJUST DISCRIMINATION—PENALTY—CONSTRUCTION OF STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 6670, subds. 1, 4, and article 6671, providing that any railroad guilty of unjust discrimination in respect to services rendered shall be liable for resulting damages, and in addition to a penalty of not less than $125, defendant railroad, selling plaintiff a ticket at V. for transportation to and through W. to H., which, on account of its tracks being washed away, could not run a train from W. to H., and which furnished through passengers transportation by a detoured route to Ft. Worth on exchange of their tickets and without additional fare, and refused to carry plaintiff unless he paid the usual rate by that route, but which on the following day in exchange for his ticket transported him by that route and beyond to H. without additional fare, could not recover the penalty, where it was not shown that any passenger whose passage originated at so short a distance as V. from W. was granted an exchange of tickets, when an exchange was refused to plaintiff or that any passenger destined to a point as near from W. as H. was granted such a privilege, or that any passenger receiving an exchange of tickets was granted transportation to so great a distance as was demanded by plaintiff by the detoured route to H.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 33; Dec. Dig. ⟾20(3).]

Appeal from District Court, Wichita County; E. W. Nicholson, Judge.

Action by E. F. Wells against the Ft. Worth & Denver City Railway Company. Judgment for plaintiff for the statutory penalty and for actual damages, and defendant appeals. Reversed and rendered as to the re-

covery of the penalty, and otherwise undisturbed.

Carrigan, Montgomery & Britain, of Wichita Falls, for appellant. O. B. Felder, of Wichita Falls, for appellee.

BUCK, J. [1] This is a companion case to that of Ft. Worth & Denver City Railway Company v. Frazier, No. 8474, 191 S. W. 808, the opinion in which was handed down by this court December 9, 1916. No statement of facts is found in the record, though an unsigned document purporting to be the statement of facts is included ·among the papers in this case, which, of course, we cannot consider.

[2] The court's findings of fact show that on June 6, 1915, the plaintiff purchased at Vernon, Tex., a ticket entitling him to transportation over the defendant's line to Henrietta, Tex., for which he paid the usual and customary price, and that on said day he became a passenger on defendant's train and was transported upon his journey as far as Wichita Falls. There were many other passengers of defendant company, who also arrived at Wichita Falls on the same train at the same time. On account of high water, the defendant's train could not run from Wichita Falls to Henrietta, and said passengers, including plaintiff, were so notified by defendant company's agent. On June 7th, on account of the defendant company's tracks being washed away, the train on its said track could not proceed to Henrietta, and the conditions were such that it was impossible or uncertain to ascertain at what time said train would run to Henrietta. On the afternoon of June 7th, the defendant company, through its officials and agents, decided to, and did, run a train from Wichita Falls to Abilene, over the Wichita Valley Railway, and thence over the Texas & Pacific Railway to Ft. Worth. At said time, the agent of the defendant company at Wichita Falls took up the tickets of divers and sundry passengers, being a large number, who had purchased tickets from points west and north of Wichita Falls, in the state of Texas, and whose destinations were, some of them, Bellevue, Bowie, Decatur, and Ft. Worth, and in lieu of the tickets so taken up the defendant company furnished such passengers transportation by way of Abilene to Ft. Worth as aforesaid, and then furnished transportation at Ft. Worth to passengers over its line from Ft. Worth to Decatur, Bowie, and Bellevue. On said June 7th, the defendant company refused to exchange the ticket held by the plaintiff, for a ticket entitling him to the transportation· by way of Abilene and Ft. Worth, and thence to Henrietta, but informed plaintiff that he could purchase a ticket at the usual rate, if he desired to go that way. On June 8th the defendant did exchange tickets for plaintiff,

and did transport and detour him by way of Abilene and Ft. Worth to his said destination at Henrietta, Tex. Plaintiff was the only passenger detoured by way of Abilene to Ft. Worth, and thence brought as far west from Ft. Worth on defendant's line to Henrietta. It is not shown in said findings that any passenger on defendant's line from Vernon to Wichita Falls, or destined to any point between Wichita Falls and Henrietta, was allowed the exchange of tickets denied to plaintiff on June 7th.

The distance from Ft. Worth to Decatur is 40 miles; from Ft. Worth to Bowie, 66 miles; from Ft. Worth to Bellevue, 81 miles; and from Ft. Worth to Henrietta, 96 miles. The distance by defendant's line of railway from Wichita Falls to Henrietta is 18 miles; to Bellevue, 33 miles; to Bowie, 48 miles; and to Decatur, 74 miles.

Plaintiff, in his petition, alleged discrimination, and prayed for a recovery of the penalty provided by law under article 6670 et seq., Vernon's Sayles' Civil Statutes, and for actual damages in the way of loss of time and extra expense in the sum of $16. The court found that, by reason of the refusal of the defendant company to exchange with plaintiff tickets on June 7th, plaintiff was delayed 24 hours. From a judgment in favor of plaintiff in the sum of $125 penalty, and $4.50 actual damages, defendant appeals.

For the reasons set forth in F. W. & D. C. Railway Company v. Frazier, supra, and for the additional reasons hereinafter noted, we have concluded that appellee, under the facts shown in the court's findings, is not entitled to recover the penalty. The reasons additional, which are peculiar to this case, are: (1) It is not shown that any passenger whose passage originated at so short a distance as Vernon is from Wichita Falls was, on June 7th, granted the free exchange of tickets denied appellee. (2) It is not shown that any passenger destined to a point as near from Wichita Falls as Henrietta is was granted such a privilege. (3) It is not shown that any passenger receiving a free exchange of tickets on June 7th was granted transportation so great a distance as was, on said date, demanded by appellee, by way of Abilene and Ft. Worth to Henrietta.

Therefore, under the authorities cited in Railway Co. v. Frazier, and for the reasons therein given, and the additional reasons herein mentioned, we have concluded that the judgment of the trial court, allowing plaintiff a recovery of a penalty of $125 must be reversed, and, since the evidence seems to have been fully developed, here rendered for appellant. Otherwise, the judgment is undisturbed, no complaint having been made as to the recovery for damages. The costs of this court will be adjudged against appellee.

Reversed and rendered in part; undisturbed in part.